## MAHONE v. YANCEY.

1. A vendor of slaves, who sells without recourse against him for a defect of title, is a competent witness for his vendee.
2. A vendor of slaves with warranty of title, is a competent witness for a purchaser of the slaves from his vendee, it not being shown that the warranty of the first vendor covered the title by which the plaintiff sought a recovery. Whether a remote vendor of slaves, can by any proceeding, be charged on a warranty to his immediate vendee, the second vendee having purchased a mere *quit claim*, and having no right of action against his immediate vendor, *quere.*

Error to the Circuit Court of Macon. Before the Hon. G. W. Stone.

THE plaintiff in error brought detinue against the defendant for the recovery of two slaves. After the plaintiff had closed his evidence, the defendant, to show title in himself, introduced a bill of sale for the slaves, executed to him by John Neal, which is in the following language: "In consideration of having received from Simeon W. Yancey, eight hundred and fifty dollars, for two slaves, Nelly and her son George, 8 or 9 years of age, I hereby relinquish all the right and interest created in said negroes, by virtue of a bill of sale, from Henry Mims to me, to the said Simeon Yancey, he agreeing to take said negroes at his own risk, and without recourse on me, this 20th June, 1841."

In was shown that Neal derived his title from one Henry Mims, who, a short time before the transfer of them to the defendant by Neal, had executed to Neal a bill of sale containing a warranty of title to the slaves to Neal, his heirs and assigns.

The defendant also offered in evidence, the deposition of Neal, and also of Henry Mims, which were objected to on the ground of interest. It was shown that the defendant had executed to Neal a release, and that on the examination of Mims, Neal presented to him a release, executed by himself, but it did not appear that the defendant had ever released Mims, and the release executed by Neal to Mims, bore date long after the sale to Yancey, by Neal.

The objections made to the introduction of these depositions, on the ground of interest, were overruled, and the plaintiff excepted.

BELSER and RICE, for plaintiff in error.

1. The witness, Neal, was incompetent on the ground of interest, and the release executed to him by Yancey, the defendant, did not render him competent, and his second deposition, under the facts of the case, should not have been permitted to go before the jury.

2. The witness, Mims, was also incompetent. He was interested without, or even with a release from Neal, but if such a release could fix his competency to testify for defendant, it should at least have been clearly shown, that he was apprised of its execution and delivery to him, before he was sworn on the examination. Minor's Rep. 136; 7 Watts [& Ser. 392; 6 Ib. 266.

3. It was essential that Yancey should have released Mims to make him competent. The conveyance from Mims to Neal is one with warranty of title, and the relinquishment, or quit claim deed executed by Neal to Yancey afterwards, only conveyed such title as the first bill of sale gives, that is, Mims's title to Neal. The release to Mims from Neal is therefore nugatory, and does not remove the interest of Mims in the slaves, growing out of his warranty. Mahone, the plaintiff, claims the negroes adversely to Mims, and Mims

is not a competent witness to sustain his own title against the plaintiff, in favor of the title of the defendant, Yancey, without a release from Yancey. Saunders v. Addis, 1 Bailey, 49; Warfield v. Walter, 11 Gill & John. 80; Dickinson v. Dickinson, 9 Metc. 471; Hale v. Smith, 6 Greenl. 416; 1 Bibb, 300; 13 Verm. 242.

4. It is believed, that according to the authorities, the plaintiff could have examined Mims against his title, but that the defendant, Yancey, cannot examine him in favor of it, without a release from himself, and that it should likewise appear, that Mims and his wife were apprised of such a release from Yancey before their examination was reduced to writing; and the depositions of both of these witnesses are silent as to any release in the premises from Yancey.

G. W. GUNN, in behalf of the defendant in error, submitted the following points:

1. To render a witness incompetent upon the ground of interest, that interest must be proven, not presumed. Lot v. Sandifer, 2 Rep. Con. Ct. 167. It must be shown that he will gain or lose by the direct legal operation and effect of the judgment, or that the record will be evidence, either for or against him, in some other action. Kennon v. McRae, 2 Por. 389; Hoyt v. Wildfire, 3 John. 518; Williams & Battle v. Jones, Guardian, 2 Ala. 314. It must be a present, certain, direct, and vested interest, not uncertain, remote, or contingent. Watts v. Garrett, 3 Gill & John. 355; Crosby v. Floyd, 2 Bailey, 133. It is not enough that the record is admissible against a third person, a recovery against whom would be evidence against the witness. It must not only be evidence against the witness, but must conclude him. If, as vendor, the record must be evidence against him as immediate vendor, not first against another person, who may recover against the witness, as remote vendor. Stewart v. Conner, 9 Ala. 804; Spence v. Mitchell, Ib. 744; Ib. 869; 2 McCord, 153; 2 Phil. Ev. C. & H's Notes, 81.

2. Merely being in the chain of title, is not an interest that disqualifies. Myres v. Brumell, 1 Chip. 455. Neither is it an objection that his testimony will tend to clear him of

a fraud charged upon him by another witness. 12 Serg. & R. 328.

The record not disclosing whether the plaintiff claims through, or adversely to the witness, Mims, the presumption is, he claims through, or under Mims—as such he is competent without release, because no question could arise as to his competency, if the suit was against Neal instead of Yancey. Cases last cited.

If plaintiff claims adversely to Mims, he is still competent in this cause, without a release. Authorities to first proposition. If mistaken in this, he has been rendered competent by release from Neal. Jackson v. Root, 18 Johns. 60; Smith v. Munro, 7 J. J. Marsh. 442. Neither is it necessary that the release should have been delivered personally. It is sufficient if the witness is satisfied of the execution of the same, which is apparent from the statements of the witness. 5 Ala. 508.

By the sale of the slaves to the defendant without warranty, Mims, the vendor of Neal, was relieved from all liability upon his covenant, and is therefore a competent witness, without any further release from either Neal or Yancey, the conveyance without recourse being effectual as a release. Carter v. Witer, 2 Hill S. C. 443.

DARGAN, J.—It is very clear, that Neal was not interested in the event of the suit. He had sold the slaves to Yancey, the defendant, but did not warrant the title, but on the contrary, conveyed only such right and title as he had acquired from Mims; and by the express terms of the contract, Yancey purchased the slaves at his own risk. Under this contract, the defendant could not possibly have any demand against Neal, although the title he acquired from him should fail.

Mims, whose testimony was also objected to on the ground of interest, conveyed the slaves to Neal, in 1841, with a warranty of title to Neal, his heirs and assigns, and it is contended that he was interested, because, by the terms of his warranty, if the title failed in the hands of the assignee of his vendee, that the assignee could charge him with the purchase money received from Neal, in a court of equity, if it

could not be done at law. It is very certain, that a covenant, (to use a technical expression,) will not run with a chattel at law, and that a vendee of a vendee cannot sue the original vendor at law, upon a warranty of title, although there be a recovery against the second vendee, by a title paramount to the title of the vendor. Salle v. Light's Ex'r, 4 Ala. 700; 4 Iredell, 440.

Whether the second vendee, either by bill in equity, or by using the name of his vendor, could, under any circumstances, charge the first vendor, who sold with warranty of title, it is not absolutely necessary to decide, and I therefore decline to express any opinion upon the point; for, if it were conceded that the first vendor could, by any proceedings be charged for the benefit of the second vendee, who had purchased with a mere *quit claim*, and who had no right of action against his immediate vendor, it must be apparent that the recovery against him must have been by a title adverse and paramount to the title of the [original vendor; or by a title derived from the original vendor, older than the title of the vendee. Or in other words, the title by which the recovery was had, must be one to which the warranty extended, and as against which he was bound to protect his vendee; otherwise the original vendor could not, under any circumstances, be made responsible.

Testing the bill of exceptions by this rule, the circuit court did not err, for in order to show that Mims had any interest whatever, in the result of this suit, it must have been shown, that the title which was sought to be enforced against Yancey, was one covered by the warranty of Mims to Neal. This is not shown by the record, and all persons not parties to the suit, are *prima facie* competent witnesses, and he who objects to the competency of a witness, on the ground of interest, must show that the witness is interested. But we are not informed whether the title of the plaintiffs, by which he seeks to recover the slaves, was derived from Neal or from Yancey, or whether it was one covered by the warranty of Mims; and until it is shown, that the warranty of Mims covers the title, by which the plaintiff seeks a recovery, the question whether Mims was not disqualified as a witness,

because of his warranty to Neal, is not necessarily raised, and therefore is not decided.

Let the judgment be affirmed.

CHILTON, J., not sitting.