Dresser *v.* Ainsworth.

———— •●• ————

SAME TERM.  *Before the same Justices.*

## DRESSER *vs.* AINSWORTH.

9b 619
165a 126

The admission of irrelevant evidence is good ground for a new trial, as it is impossible to say what influence the evidence may have exerted, on the minds of the jury.

Under the rule of law that in every sale of personal property, there is an implied warranty by the vendor, of title in himself, and that he has a right to sell, the warranty extends also to a prior lien or incumbrance.

The essence of the contract of warranty, in such cases is, that the vendor has a perfect title to the goods sold; that the same are unincumbered, and that the purchaser will acquire, by the purchase, a title free and clear, and shall enjoy the possession without disturbance by means of any thing done or suffered by the vendor.

It is, therefore, immaterial, whether the purchaser, at the time of his pur-

chase, knew of a previous levy upon the goods by the sheriff. He has a right to rely upon the implied warranty; and if he is evicted by a sale of the goods under a previous execution, he has a right of action against the vendor.

Where, in an action upon a promissory note, the defense is, that the property, constituting the consideration for which the note was given, was taken from the defendant by virtue of an execution against the vendor, in pursuance of a levy, made prior to the sale to the defendant; any evidence is admissible to sustain such defense, which would be competent for the purchaser at the sheriff's sale to give, in an action against him by the defendant, for the property.

In such an action, the burthen of proof on the defendant, is to show that the purchaser at the sheriff's sale, had a right to the property; and that he has taken the property by virtue of such right.

Where a sheriff, at the time of levying upon property, did not see the property, nor know where it was, but sat on his horse in the road, while the defendant in the execution named over to him what property he had, and the officer made a memorandum of it on a piece of paper : *Held* that the levy, although sufficient as against the judgment debtor, was not an actual levy, so as to affect persons acquiring title subsequently derived from the judgment debtor.

THIS was an action of assumpsit, commenced in November, 1847, and tried at the Steuben circuit in August, 1848. The declaration contained the common money counts, with a notice that a note would be given in evidence under those counts, in the words and figures following : "$120. One year after date I promise to pay B. Beach or bearer, the sum of one hundred and twenty dollars, for value received. Prattsburgh, April 24, 1844—Isaac Ainsworth." The defendant pleaded non-assumpsit to the declaration.

Upon the trial, the plaintiff gave in evidence the note, of which the above is a copy, the execution of which, by the defendant, was admitted, when the plaintiff rested. The defense relied upon by the defendant was, that the note in question was given for the purchase price of a pair of horses and a cart, bought by the defendant of William A. Beach ; and that after the purchase, the horses and cart had been taken from the defendant and sold by the sheriff of the county of Steuben, by virtue of an execution issued upon a judgment against said William A. Beach ; and by virtue of which execution, the sheriff had levied

upon the said horses and cart before the sale to the defendant, and had sold them afterwards; and that thus the consideration of the note had wholly failed. To establish this defense, the defendant proved that the plaintiff purchased the note of Beach long after it became due. The defendant then introduced in evidence a certified copy of the record of a judgment in the supreme court, in favor of the Bank of Geneva against William A. Beach, Moses H. Lyon and Burrage Rice, for $374,43; docketed Jan. 6, 1841, and an execution upon the said judgment, tested February 20, 1841, returnable in sixty days, received by the sheriff of Steuben county, to whom it was directed, February 22, 1841; indorsed, satisfied in full, March 31, 1836. The defendant then proved by Hiram Potter, that the said Potter was sheriff of the county of Steuben in 1841, and had the said execution for collection. That by virtue thereof, he levied, among other things, upon a span of horses and a cart, as the property of said William A. Beach. That in the spring of 1844, he advertised the property of Beach, for sale. That he saw said Beach at his house a week previous to the sale. On the day of the sale he was not there. That he found the horses and cart in the possession of the defendant, and took them from him and sold them. That he made the levy in March 1841. It appeared by the testimony of Moses H. Lyon, one of the defendents in the execution, that at the request of sheriff Potter he went up to Beach's to attend the sale, and found none of the property levied on. Beach was there, and told the sheriff he would go to Geneva, and if he could not arrange it, he would have all the property there in a week, if he would adjourn the sale; and it was adjourned accordingly. That they again went up to Beach's at the end of the week, to attend the sale, and were told by one Clark, that Beach had sold the property to Ainsworth. They then went to Ainsworth's, about half a mile, and found the property, and sold it. It appeared that the sale was advertised to take place at Beach's house, and that the sale was made at the defendant's. The defendant then proved that the note was given for the horses and cart, which were sold, and the note was given the day before the sheriff's sale. The de-

fendant then read, in evidence, a letter from the plaintiff to the defendant, dated September 24, 1847, calling on him to pay the note, and stating that he knew all the circumstances attending the transaction and the making of the note; and the defendant thereupon rested.

The plaintiff then called the said William A. Beach as a witness, who testified as follows: "I took the note in question from the defendant; my father, Bildad Beach, is the payee. The note was given for a pair of bay horses and an ox cart. That property was my father's at the time it was sold to Ainsworth. The horses had been in my possession five or six years before sale, and the cart about as long. It became the property of my father in 1840. The consideration of the sale of the horses to my father, was $500, paid by him to Henry Brother, the sheriff of the county of Steuben, on an execution against me in favor of the Steuben County Bank. My father, at the time, owned the farm on which I resided. I was paying him rent at the time I sold him this property. The property had been levied upon by Sheriff Brother. The judgment was against myself and M. H. Lyon; but it was a debt contracted for my benefit, and I was to pay it. I could not pay it; and on the day appointed by Sheriff Brother for the sale, my father, Mr. Pratt and Mr. Lyon came there, and each became responsible for one third of the debt. My father paid at the time to Brother, $500, part of the amount for which he became responsible. I then sold him this property. I sold some of the property levied upon, to Mr. Pratt; and some of it Mr. Lyon had. I never turned out this property to Sheriff Potter on the execution. I told him such property was on the farm, but that it was my father's; and how it became his. It was property that my father wished kept on the farm. He talked of coming there to live. When he concluded not to do so, he rented the farm and authorized me to sell the property. When I sold the property to Ainsworth, I told him there was a levy on it; but I did not think it good."

On the cross-examination, the witness said: I left for Ohio on the 25th of April, 1844, about eight o'clock in the morning, and took the note with me. It remained in my possession till

the spring of 1846, when I handed it over to my father. It remained in his possession till the fall of the same year. He then let me have it again. It was owing to my extreme necessity that he let me have it. It is a charge against me. I kept it till I turned it out to Mr. Dresser in payment for board. He is my brother-in-law. I boarded with him a year and a half. I let him have the note the fore part of the summer of 1847. I do not recollect any time that I asked Potter to postpone the sale. Potter said Lyon directed him to levy. Think Potter and Lyon were at my house the 12th or 15th of April. I think I then asked to have the sale postponed. I told him if I did not get security for the debt, I would have the horses returned. They were then at my father's. I did not return the property, but sold it to Ainsworth."

The counsel for the plaintiff again rested, and the counsel for the defendant recalled Hiram Potter, who testified as follows : " At the time I made the levy, Beach did not tell me that the property belonged to his father. He told me so afterwards. When I made the levy I sat on my horse in the road, and he named over to me what property he had, and I put it down with my pencil on a piece of paper, and immediately turned and went off. On the cross-examination, the witness said : " I did not see the horses or cart, or any of the property at the time of the levy. I do not know where the property was, at the time. I saw it afterwards. I never pretended to make any other levy than the one I have spoken of."

The counsel for the defendant then called again Moses H. Lyon, and offered to prove by him that he sold the horses and cart after he had bid them off, at the sale by Sheriff Potter, and applied the proceeds of the sale on the execution against Wm. A. Beach ; to which the counsel for the plaintiff objected, on the ground that the evidence offered was irrelevant and immaterial. But the circuit judge overruled the objection, and the plaintiff's counsel excepted. The witness then said : " I bid off the property, and afterwards sold it and gave the whole proceeds to Potter, to be applied on the execution."

The evidence here closed, and the counsel for the plaintiff

requested the judge to charge the jury, First. That if at the time the defendant purchased the property and gave the note, he knew of the levy, as testified to by the witness Beach, there was no fraud practiced upon him, and he could not avoid paying the note. The judge refused so to charge the jury, and the counsel for the plaintiff excepted. Second. That the transaction spoken of by the witness Potter, was not in law a levy upon the property; that under such a levy he had no right to take the property, as he did, from the defendant; and the defendant having suffered him to do so, without right, he could not set up such taking, as a defense in this action. The judge refused so to charge the jury, and the counsel for the plaintiff excepted. The judge then charged the jury, among other things, that the defendant could dispute the title of Bildad Beach to the property for which the note was given, in the same manner and with the same effect that a creditor of Wm. A. Beach could have done; and that if by reason of the property being left in the possession of William A. Beach, after the sale by him to his father, it was still liable to be taken on execution against him, then the defendant had made out a good defense to the note; to which charge the counsel for the plaintiff excepted. The said judge further charged the jury, that the levy as proved by the witness Potter, was a good and sufficient levy, so far as William A. Beach was concerned, and would hold the property as against him; and the defendant acquired no title to the property by the purchase, and had a good defense to this suit, unless the plaintiff showed affirmatively that the sale to Bildad Beach was made in good faith, and without any intent to defraud creditors. To all and every part of which the counsel for the plaintiff excepted. The jury by their verdict found for the defendant.

The plaintiff now moved for a new trial, upon a bill of exceptions.

*W. Barnes,* for the plaintiff.

*Geo. Hastings,* for the defendant.

Dresser *v.* Ainsworth.

*By the Court,* WELLES, P. J. 1. The first point made by the plaintiff's counsel is, that the circuit judge erred in admitting proof that the proceeds of the sale of the horses and cart in question were applied by Lyon, who purchased the property at the sale by Sheriff Potter, upon the execution against Beach. The defense set up was a failure of title in the defendant, to the property for which the note was given. To establish it, the defendant gave evidence of a judgment and execution against William A. Beach, of whom he purchased the property, and a levy and sale by the sheriff, and that at the time of the levy, which was before the purchase by the defendant, the property was in the possession of and owned by Beach. At the period of the trial, at which the question arose, the defendant had given evidence of the levy and sale. Of what consequence it was that Lyon, the purchaser, afterwards sold the property and applied the proceeds to the payment of the judgment against Beach, I am at a loss to conjecture. The admission of irrelevant evidence is error; and I see no way of avoiding a new trial upon this ground; as it is impossible to say what influence the evidence may have exerted on the minds of the jury. (*Clark* v. *Vorce,* 19 *Wend.* 232.)

2. I think there was no error in the refusal of the circuit judge to charge the jury that the defendant could not avoid the payment of the note, if he knew of the levy at the time he gave it. It is a principle of law that in every sale of personal property there is an implied warranty, by the vendor, of title in himself. (*Chitty on Cont.* 133. 2 *Bl. Com.* 451. 3 *Id.* 166. *Defreeze* v. *Trumper,* 1 *John. R.* 274.) These authorities only go to the extent of showing, that in such sale, the vendor impliedly warrants that he is the owner of the goods and has good right to sell. They do not settle the question whether the warranty in such case extends to a prior lien or incumbrance. In the present case, William A. Beach, if the property was his, or if, as he swears, it was his father's, and he was authorized by his father to sell it, had a right in either case to sell it to the defendant, and the general property would pass, notwithstanding the lien of the execution. The question then is, whether the

VOL. IX.                79

rule referred to, extends the implied warranty to such lien. The rule is borrowed from the civil law, as appears by Sir William Blackstone, in his commentaries. (2 *Bl. Com.* 451.) On looking into Domat, I find the rule, as established by the civil law, extends the warranty to liens and incumbrances, as well as to the title. (*Domat's Civil Law*, 75, 76, book 1, tit. 2, *Of the Contract of Sale*, § 10, *Of Eviction, and other troubles to the purchaser.*) The essence, then, of the contract of warranty in the present case was, that the vendor had a perfect title to the goods sold, at the time of the sale; that the same were unincumbered, and that the vendee should acquire, by the purchase, a title free and clear, and should enjoy the possession without disturbance by means of any thing done or suffered by the vendor. It was, therefore, immaterial, whether the defendant knew of the levy at the time he purchased. He had a right to rely upon the warranty; and having been evicted, his right of action was complete upon Beach, so far as this point is concerned.

One part of the plaintiff's position in the exception under consideration was, that if the defendant knew of the levy, there was no fraud practiced upon him. William A. Beach had testified that when he sold the property to the defendant, he told him there was a levy on it, but that he did not think it was good. If the question of the defendant's knowledge of the levy was material in that aspect, the circuit judge should have so advised the jury, as requested. But the gravamen of the defense was not that a fraud had been practiced upon the defendant, but that the consideration of the note had failed; and I think, therefore, the question of fraud, in view of the objection, was entirely immaterial, and that no error was committed by the judge in declining to charge as requested, in this respect.

3. The judge charged the jury that the defendant could dispute the title of Bildad Beach to the property for which the note was given, in the same manner and with the same effect that a creditor of William A. Beach could have done; and that if by reason of the property being left in the possession of William A. Beach, after the sale by him to his father, it was still

liable to be taken on execution against him, then the defendant had made out a good defence to the note. The plaintiff's counsel contends that the defendant is not in a situation to raise the question of the validity of the sale by William A. Beach to his father, without showing a judgment and execution and a valid levy.

It should be borne in mind that the point of the defense was that the consideration of the note, which was the horses and cart, was taken from the defendant by virtue of the execution against William A. Beach, in pursuance of a levy made prior to the sale to the defendant. To sustain such defense, any evidence was admissible which could have been competent for Lyon, the purchaser at the sheriff's sale, of the property in question, to have given, in an action of trover, trespass, or replevin, by the defendant against him, for the property. In such action Lyon would have to justify by the very same evidence as was given upon the trial in this cause. The burthen of proof on the defendant here was, to show that Lyon had a right to the property, and that was all he had to prove, except that Lyon had taken the property by virtue of such right. The judgment and execution and sale were duly proved; and if the proof of the levy was sufficient, the defense was perfect, provided by reason of the property being left in the possession of William A. Beach, after the sale by him to his father, it was still liable to be taken on execution against him. Whether it was so liable, it does not appear that the judge gave any opinion; nor that he was requested to do so. This being a bill of exceptions, we can notice only such questions of law as were passed upon at the trial, or as were raised and the judge refused to decide.

4. The only remaining question raised in the case is, upon the sufficiency of the levy. If there was not a valid levy, the defendant acquired a good title to the property, and of course his defense fails.

When the supposed levy was made, the officer did not see the property, and did not know where it was. He sat on his horse at the time, in the road; and the defendant in the execution named over to him what property he had, and the officer made

a memorandum of it on a piece of paper. This appears by the testimony of Mr. Potter, the sheriff, who made the levy, and is the strongest evidence in the case to show a valid levy.

Mr. Beach swears that he did not turn out the property to Sheriff Potter on the execution. He says he told him such property was on the farm, but that it belonged to his father; and told him how it became his. The judge charged the jury on this subject, that the levy as proved by the witness, Potter, was a good and sufficient levy, so far as William A. Beach was concerned, and would hold the property as against him; and the defendant acquired no title to the property by the purchase, and had a good defense to this suit, unless the plaintiff showed affirmatively that the sale to Bildad Beach was made in good faith, and without any intent to defraud creditors. I think the fair interpretation of this part of the charge is, that the levy as proved by Potter, was good as *against the defendant in the execution only ;* and that if the plaintiff proved affirmatively that the sale to Bildad Beach was made in good faith and without any intent to defraud creditors, it was not good, and the defendant was in that case entitled to hold the property under his purchase.

In this charge, the evidence of William A. Beach touching the levy, is laid out of view. The judge was requested to charge the jury, that the transaction spoken of by the witness, Potter, was not in law a levy; and that under it he had no right to take the property from the defendant, &c., which request the judge declined.

The validity of the levy was made to depend upon the question, whether the purchase by Bildad Beach was in good faith, and without any intent to defraud creditors. In this, I think the judge erred. Admitting the purchase by Bildad Beach to have been in bad faith, and with the intent to defraud the creditors of William A. Beach; yet if the purchase by the defendant was in good faith and without any fraudulent intent, (and he is not at liberty to contend otherwise,) he was protected, unless the levy was in all respects strictly legal and valid.

We are then to examine, whether the levy was valid and

Dresser *v.* Ainsworth.

effectual as against all persons whomsoever; for unless it was, the defendant whose purchase is to be deemed to have been made in good faith, and accompanied by possession of the property purchased, is not to be affected by it.

It was held in *Ray* v. *Harcourt*, (19 *Wend. R.* 495, 497,) that to constitute a valid levy, the goods should be within the view of the officer, and subject to his immediate disposition and control. In that case, the property in question was a part of it a mile and a half, and the residue two and a half miles distant from where the levy was made by the officer; and the levy was held insufficient.

In *Van Wyck* v. *Pine*, (2 *Hill*, 666,) the court reasserted the same doctrine, and applied it to a case where the officer went on to the farm of the defendant in the execution, and made a levy on his property, a part of which was in a field where the officer was at the time with the defendant, and in sight; and another part, being a pair of oxen, and the property in question, were in another lot on the same farm, about eighty rods distant, but were not seen by the officer by reason of an intervening hill.

In the case of *Ray* v. *Harcourt*, the question was between conflicting executions; and in *Van Wyck* v. *Pine*, between the officer claiming to have made the levy, and a subsequent purchaser from the defendant. These cases, I think, govern the present. Potter, the sheriff, did not see the property in question, and did not know where it was. It can not be contended that it was under his immediate disposition or control. It was not an actual levy so as to affect persons acquiring title subsequently derived from the defendant in the execution. The levy was unquestionably sufficient, as against William A. Beach. I very much doubt, whether an actual seizure of the property is ever necessary, as against the defendant in the execution, which in a court of record, binds the personal property from the time of the delivery of the execution to the sheriff; and if it is required, it is competent for him by his acts or declarations, to waive it. In the disposition of this point, I lay out of view the evidence of William A. Beach, that he told the defendant there

had been a levy; because that was only important on the question, whether he (the defendant,) purchased in good faith. That question was not submitted to the jury.

New trial; costs to abide the event.

---

SAME TERM.   *Before the same Justices.*