MARTIN DAVIS and ASAHEL NYE, Appellants, vs. GILBERT SMITH, Respondent.

#### APPEAL FROM THE DISTRICT COURT OF OLMSTED COUNTY.

Where a party has permitted evidence on all the issues in an action to go to the jury without objection, and has made no request to have only certain issues submitted to them, nor made any objection to their finding upon the whole case, either before or at the time the verdict is rendered, he cannot in this Court raise the objection that all the issues should not have been submitted to the jury, on the ground that the action was one in equity, in which only doubtful questions of fact should be submitted to the jury.

On a sale of chattels, if the seller has possession of the article, and he sells it as his own, and not as agent for another, and for a fair price, he is understood to warrant the title, and is answerable to the purchaser if it be taken from him, by one who has a better title than the seller

In a question of fact, where there is some evidence to support the verdict of a jury, this Court will not set aside the verdict, on the ground that it is against the weight of evidence.

### Points and Authorities for Appellants.

I.—The Court erred in submitting the whole case to the jury. Only the doubtful questions of fact in the case should have been submitted to them, and a special verdict should have been taken. It is as much against the policy of the law for juries to sit as chancellors now, as it was under the old equity practice. They are no better or safer judges of the law now than they were then. *Comp. Stat.* 557, secs. 6, 7; *id.* 561, secs. 34, 35; *How. N. Y. Code,* sec. 254 and the cases there cited.

II.—Taking the Defendant's own statement of his bargain with the Plaintiffs, (case folio 47–53), that he purchased the property of Davis at private sale, knowing that Davis was acting under the power in his chattel mortgages, which mortgages were then and there delivered to him, and the law does not raise any implied warranty of title on such sale. In a sale by executors, administrators or trustees, there is no implied warranty of title, nor when the purchaser has equal knowledge with the vendors in regard to their title. 21 *N. Y.*

556; 19 *id.* 499 ; 2 *Harris & Gill's Md. R.* 176 ; 8 *Porter's Ala. R.* 133.

III.—The Plaintiffs sold the property as the attorneys in fact of O. M. Annis, under the power of sale in the chattel mortgages. They were acting as the agents of the mortgagor to raise money for him—their principal. Annis was the real vendor, and Smith, the Defendant, knew it on the sale, and the implied warranty, if any, was between Smith and Annis.

IV.—The Court erred in not granting the motion for a new trial, on the ground that the verdict of the jury was against the weight of evidence.

Points and Authorities of Respondents.

I.—A new trial should never be granted for the reason that the verdict appears to be against the weight of evidence, when there is any evidence to sustain it. 5 *Mass.* 353; 5 *Pick.* 245; 7 *Mass.* 261; 6 *Barb. S. C. Rep.* 141; 2 *Wend.* 352; 4 *id.* 423 ; 6 *Cow.* 682 ; 1 *Hill R.* 61; 3 *id.* 75 ; 3 *Graham & Wat. on New Trials,* 1240 to 1253. *and cases there cited,* (2d *Ed.*)

II.—A new trial should never be granted when substantial justice has been done by the verdict. 3 *Graham & Waterman on New Trials,* 1231, *and cases there cited,* (2d *Ed.*)

III.—The parties, Appellants and Respondent, were present at the trial, and when the cause was submitted to the jury, and when the verdict of the jury was rendered. A special verdict was not asked for by either party, and no exception was taken by either party to the manner in which the cause was submitted, nor to the form of the verdict.

IV.—The charge of the Court to the jury was the correct statement of the law in the case.

The seller of a chattel, if in possession at the time of sale, by implication warrants that it is his own, and is answerable to the purchaser, if it be taken from him by one who has a better title than the seller. 2 *Bl. Com.* 451, *Wen.'s Ed.;* 2 *Kent's Com.* 642, 9th *Ed.;* 1 *Par. on Contracts,* 456, 4th *Ed.,*

*and cases cited in note to p.* 458; 1 *John* 274; 6 *id.* 5; 3 *Cow.* 272; 3 *Barb.* 323; 10 *id.* 445; 9 *id.* 619.

V.—A mortgagee of personal property, upon the failure of the mortgagor to 'perform the conditions of the mortgage, acquires an absolute title to the property mortgaged, subject only to the equity of redemption of the mortgagor. And to entitle the mortgagor to redeem the property after failure to perform conditions of mortgage, he must commence his suit to redeem before sale of property by mortgagee. 8 *J. R.* 96; 9 *Wend.* 80; 1 *Hill,* 473; 12 *Wend.* 61; 7 *Cow.* 290; 3 *Denio,* 33.

VI.—If Davis and Nye acted as the agents of O. M. Annis, in the sale of the property, they, not having transferred the consideration to their principal, nor in any manner changed their relation with him, would be equally liable with their principal, on a failure of title to the property sold, so long as the consideration remains in their hands. *Dunlap's Paley on Agency,* 388, *4th Am. Ed.; Cowp.* 565; 3 *M. & S.* 348; 7 *Cow.* 456; 1 *Sand.* 209; 1 *Wend.* 173.

CHAS. C. WILLSON, Counsel for Appellants.

L. BARBER, Counsel for Respondent.

*By the Court*—ATWATER, J.—The Plaintiffs brought their action to foreclose a mortgage upon real estate, which was executed by Smith, the Defendant, to secure the payment of a promissory note for the sum of $500. The Defendant by his answer, admitted the execution of the note and mortgage, but alleged that the consideration of the note was the sale to him by Plaintiffs of certain personal property, consisting of horses, harness, wagon, &c., of which the Plaintiffs were in possession, and claimed to be owners at the time of the sale. That after such sale, one Adaline Annis replevied the property from Defendant, as owner thereof, and that in said action she established her title thereto, and obtained a judgment for the recovery of the property, the property replevied constituting the whole consideration of the note, except twenty-five

dollars. The reply denied all the material allegations in the answer.

It appeared by the evidence that the Plaintiffs claimed title to the property by virtue of two chattel mortgages executed to them upon the property in question, by one O. M. Annis, and the principal point litigated below was, whether the Defendant purchased the property, or the debt of Plaintiffs against Annis, secured by these mortgages. On this question there was considerable evidence introduced on both sides. The jury found a verdict for Defendant. The Plaintiffs moved for a new trial, which motion was overruled. From the final judgment entered on the verdict the Plaintiffs appeal to this Court.

The first error complained of is, that the Court erred in submitting the whole case to the jury. That this being an equity case, only the doubtful questions of fact in the case should have been submitted to them, and a special verdict should have been taken.

Whether this objection be good in substance or not, we think the Plaintiffs are not in a position to raise it here. No exception appears to any of the evidence taken upon the trial, and the whole was submitted to the jury, without objection by either party. No special findings were requested by either party, before the jury retired, nor was any objection raised or any exception taken to the verdict, so far as the case shows, on the ground now urged to this Court. A party claiming the right to have submitted to a jury only certain questions or issues in a cause, must assert that right at the proper time, and if denied him, must except thereto in the proper manner, or he will be deemed to have waived it. It would be highly inequitable to permit him to lie by, and take the benefit of the finding if in his favor, and be permitted to allege error if found against him, on the ground that the jury had no right to pass upon such issues, or that the Court should not have submitted them to the jury. The error complained of, if any, does not go to the jurisdiction of the Court, and we know of no authorities which hold that it may be here reviewed, unless the question has been properly presented to the Court below, and been there acted upon. The Plaintiffs

have chosen to submit the whole case to the jury and must abide the consequences of their own act.

The Plaintiffs requested the Court to charge the jury as the law in the case :

*First,* If the jury find from the evidence and proofs given that the Defendant, Gilbert Smith, at the time he executed and delivered the note and mortgage mentioned in the complaint, had notice and knowledge that the Plaintiffs obtained title to the horses, wagon and harness mentioned in the answer, by virtue of the chattel mortgages of O. M. Annis, there could be no implied covenant of title to said personal property by the sale thereof.

*Second,* That if said Defendant knew that O. M. Annis was previously the owner of the personal property aforesaid, and that Plaintiff's title was by virtue of chattel mortgages from O. M. Annis thereon, there could be no warranty of title implied by the Plaintiffs in the sale thereof.

These instructions were refused by the Court, but the Court did charge among other things, that if the jury find that the consideration of the note mentioned in the complaint was the sale of the personal property mentioned in the answer, and also find that the Plaintiffs sold said personal property to the Defendant as their own property, they impliedly warranted the title thereto, to the Defendant, although the Defendant had notice and knowledge that Plaintiff's title thereto was derived by the chattel mortgages executed by the said O. M. Annis.

We think there was no error in the refusal of the Court to charge as requested, nor in the charge actually given. In 2*d Kent's Commentaries,* 618, the rule is stated, that in every sale of a chattel, if the seller has possession of the article, and he sells it as his own, and not as agent for another, and for a fair price, he is understood to warrant the *title.* And Parsons, in his work on Contracts, 456, says that " in this country it seems to be now well settled by adjudications in many of our States, that the seller of a chattel, (if in possession,) warrants by implication that it is his own, and is answerable to the purchaser if it be taken from him by one who has a better title than the seller, whether the seller knew of

the defect of his title or not, and whether he did or did not make a distinct affirmation of his title." The authorities in support of this doctrine are very numerous and scarcely need be cited, as they are many of them referred to by the authors above quoted. And even were it an open question, we should see no occasion to adopt a different rule from that above stated, founded as it is upon justice and good sense. In *Dresser vs. Ainsworth*, 9 *Barb.*, 619, it was held that this implied warranty of title not only means that the vendor has a right to sell, but it extends to a prior lien or incumbrance, and that it is immaterial, whether the purchaser, at the time of his purchase, knew of a previous levy upon the goods by the sheriff. He has a right to rely upon the implied warranty, and if he is evicted by a sale of the goods under a previous execution, he has a right of action against the vendor.

We do not understand that the authorities cited by the counsel for the Appellants, (so far as we have had access to to them) hold any different doctrine. In *Ketchum vs. The Bank of Commerce*, 19 *N. Y.*, 499, Denio, J., in 'delivering the opinion of the Court, says: "Where the transaction is a sale of chattels or securities which the vendor has sold as his own, and the mistake is as to his title, the vendee may also recover upon an implied warrantee of title," citing authorities which support the general principle above stated. That case certainly does not conflict with the rule uniformly adhered to in New York. In *Hoe vs. Sanborn*, 21 *N. Y.*, 552, the question of implied warranty of title, was not at issue in the action. The suit was upon a promissory note, and the Defendant in his answer alleged that he purchased of the Plaintiff a quantity of circular saws, for the purchase price of which the note set forth in the complaint was given; that at the time of the purchase the Plaintiffs "warranted said saws to be good saws, and of good quality," and he averred that the saws were "not good saws, or of good quality," and that said saws were "of no value." The reply denied the facts set up in the answer.

Here the issue was as to warranty of *quality*, in regard to which it is not claimed that the same rule prevails as in regard to warranty of title. It is true, that the syllabus states

as a part of the decision of the case, that " it seems that the theory of common law in respect to implied warranties, rests upon the deceit of the vendor, in not disclosing defects of which the probability of his knowledge is so great that its existence is presumed ;" and the reasoning of Selden, J., who delivered the opinion, would seem to support this statement of the reporter. If this however is intended to apply to implied warranties of title as well as of quality, the decision to that extent can only be regarded as *obiter dictum*, and not of binding authority, and indeed a part of the Court did not assent to some of the propositions in the opinion. The deduction which the counsel for the Appellants seems to draw from this case is that if the purchaser has the same means of knowledge as to the title of the chattels, which the vendor possesses, there is no implied warranty, since there is no deceit on the part of the vendor. That in such cases where fraud is not proved it will not be presumed. The case of *Hoe vs. Sanborn* does not, as we understand, hold such doctrine ; but whether correct or not as to the theory on which implied warranty of title rests, does hold that the probability of knowledge of title on the part of the vendor is so strong that the Courts will presume its existence without proof. The Court in that case say : " It is obvious that the vendor of goods would be very likely to know whether he has a title to the goods he sells. He knows the source from which such title was obtained, and has therefore the means of judging of its validity which the purchaser cannot be supposed to have. Hence it is the doctrine, both of the civil and the common law, that every vendor impliedly warrants that he has title to what he assumes to sell. Some slight doubt has been supposed to be thrown upon this doctrine in England by the remarks of Parke, B., in the case of *Morley vs. Attenborough*, 3 *Exch.*, 500. It is however too well settled, both in England and in this country to be overthrown or shaken by the *obiter dicta* of a single Judge. My object is not to establish this doctrine which admits of no doubt, but simply to show that it rests upon the foundation here suggested, viz : "the presumed superior knowledge of the vendor in regard to his title." As the learned Judge who delivered the opinion

in the case above cited, does not find fault with or combat the long established rule, it is perhaps of little consequence to determine whether he has given the correct reason for it, although without a careful examination of the case, erroneous conclusions might naturally be drawn from some of the propositions stated.

The objection that the verdict was against the weight of evidence cannot prevail. There was some conflicting testimony as to whether Smith purchased the debt against Annis, or the property covered by the mortgage. This was a question peculiarly within the province of the jury to determine, and where there is some evidence to sustain their finding, this Court will not disturb the verdict, on the ground that the weight of evidence as reported in the case might seem to favor the other theory.

The judgment below must be affirmed.