L. L. BAKER AND ROBERT HAMILTON *vs.* WILLIAM MCALLISTER.*

This Court will not reverse a finding of fact, made by the trial Court, so long as there is evidence tending to uphold that finding, although from the evidence, this Court would make a different finding were the question presented to it as to the lower Court.

In this country, the sale of chattels in the possession of the vendor carries with it a warranty of title which extends to incumbrances.

If the vendee is not advised by the vendor of the facts constituting a breach of warranty of title, and does not discover the same until the delivery to him of the goods, he may, upon discovering such a fact, rescind the contract, by tendering back the property purchased, and set up the breach of the contract, against an action for the purchase price.

It is not the *duty* of the vendee to pay liens, existing against such property, at the time of the purchase, although he may do so, and make the amount so paid an offset against the purchase price, at the hazard, however, of the lien being a valid one, and the amount paid being correct.

Error to the Third Judicial District, holding terms at Seattle.

*McNaught Bros.* for plaintiff in error.

The sale of chattels in the possession of the vendor, impliedly carries with it a warranty of title, which extends to liens and incumbrances. Benjamin on Sales, § 641, note 1; *Dresser* v. *Ainsworth*, 9 Barbour, 619; *Shattuck* v. *Grunn*, 104 Mass. 42; *Grass* v. *Kierski*, 41 California, 111; 1 Parsons on Contracts, (5th ed.) 576.

That the case made, came within the Statute of Frauds. Laws of W. T. 1863, p. 413, §§ 3 and 4; *Clark* v. *Nichols*, 107 Mass. 547; Benjamin on Sales, §§ 139 and 142, note g, 152; Brown on Frauds, §§ 315 and 317; 81 Ill. 356; 120 Mass. 220, 316, 290.

In any event the sale was void as to creditors. *Vance* v. *Boynton*, 8 Cal. 554; *Woods* v. *Bugby*, 29 Cal. 466; *Hamilton* v. *Russell*, 1 Cranch, 310; 9 Barb. 619.

---

*This case was submitted at the July term, 1879, but the opinion was not filed until in December following, and too late to be inserted in Vol. I, in which the other opinions of that term were published,

That defendant is estopped by his conduct.   Bigelow on Estoppel, 503, 510; 5 Metcalf, 49; 111 Mass. 270.

The new matter in the answer is stated as a defense, and not as a counter claim.   2 Estees Pleadings, 503, 516.

*Thomas Burke* and *W. H. White,* for defendant in error.

What is an acceptance under the Statutes of Frauds, is a question of fact, and not of law.   Benjamin on Sales, § 144; Indermaur's Principles of Common Law, 91.

After the property had passed from the vendor, no lien could be acquired against it by the laborers.   Phillips on Mechanic's Liens, § 222; *Green* v. *Green,* 16 Indiana, 253; *Walters* v. *Walters,* 17 Indiana, 534; *Milliken* v. *Armstrong,* 456; *Kenny* v. *Gage,* 3 Vermont, 302.

In an action for the purchase price, the vendee may plead the breach of warranty to reduce the recovery.   *Lyon* v. *Bertram, et al.,* 20 Howard, 149; *Thornton* v. *Wynn,* 12 Wheaton, 183; 2 Smith's Leading Cases, 17.

As to what constitutes a sale and delivery.   *De Ridder* v. *McNight,* 13 Johnson, 294; *Bates* v. *Conkling,* 10 Wendell, 389; *Middlesex Co.* v. *Osgood,* 4 Gray, 447; *Visher* v. *Webster,* 13 Cal. 58, 493; 16 Ohio, 509; 24 Maine, 453; 114 Mass. 116.

The evidence should be strong to induce the appellate Court to interfere with a finding of fact by the lower Court, because the same was against the evidence.   *Conrad* v. *Belt,* 22 Mo. 116; *Wiley* v. *Kelsey,* 13 Ga. 223; *Horts Heins* v. *Johnson,* 6 Ohio, 87.

A new trial will not be granted when no injustice has been done.   12 Johnson, 455; 10 Iowa, 120; 7 Minn. 184; 1 Ohio, 358.

A new trial will not be granted, because the finding is contrary to the weight of evidence.   4 Ohio St. 566; 13 Wis. 175; 1 Wash. Ter. 105; 44 Ill. 176.

If there is any evidence to support the finding it should not be disturbed.   9 Cal. 94; 11 Ill. 36; 24 id. 586; 12 Mich. 41; 26 New Hampshire, 41; 19 Penn St. 341; 87 Vermont, 501.

If an error has not been to the prejudice of a party, he should not complain.   3 Iowa, 205; 35 Penn. St. 142; 13 Ohio, 131; 15 id. 392.

*Opinion by Hoyt, Associate Justice.*

This was an action brought by plaintiffs in error, who were plaintiffs below, to recover from the defendant a balance alleged to be due for goods sold and delivered; defendant answered admitting the greater portion of the plaintiffs' demand and setting up by way of set-off, a sum, alleged to be due for lumber sold and delivered by the defendant to the plaintiffs, much more than enough to balance the claim of plaintiffs.

The trial of the cause resulted in a judgment for the defendant, which is now here for review. Numerous errors are assigned, but I shall only examine those growing out of the action of the Court below, in holding the plaintiffs liable to the defendant for the value of a lot of about seventy-two thousand feet of lumber piled in the mill yard of the defendant, as from the conclusion to which I have come, in regard to those, it is not necessary that I pass upon the others.

All the evidence introduced upon the trial is returned with, and made a part of the transcript, and while that, relied upon to show that plaintiffs had ever purchased from defendant this particular lot of lumber, is not very satisfactory, and if I were passing upon it here as a new question, I might come to a different conclusion than did the Court below, in regard thereto, yet as there is evidence in the transcript, tending to show such purchase, this Court would not distort the judgment on the ground that such sale had not been sufficiently established, and I am therefore compelled to investigate the question growing out of the state of the title to this lot of lumber, at the date of said purchase. This particular lot of lumber is charged to the plaintiffs upon the books of defendant, which are in evidence, as of the 22nd day of February, 1877, and in the absence of other proof, as to the time of the sale, this must (all cost as against the defendant) be taken as the time when the sale was consummated.

Now it clearly appears from the evidence that, at this time, there were certain liens upon said lumber, for labor of some of the men engaged in the manufacture thereof, and there is nothing in the record tending to show that plaintiffs had any knowl-

edge of the existence of such lien at the date of such sale.  It further appears from the evidence, that these liens were duly foreclosed, and the entire amount of said lumber absorbed in the satisfaction thereof, and that the defendant in this action was made a defendant in the proceedings to foreclose said liens, and appeared therein, and contested the same, also that said lumber was taken possession of by a receiver, appointed in said foreclosure suits, before there was any adjudication as to the amount of said liens, and sold to satisfy judgments rendered in said suits, long before the expiration of the time in which the said defendant could prosecute an appeal from said judgment, and it now here appears, from said evidence, that said defendant ever requested, or in any way authorized the plaintiffs to pay the amount of said liens to the holders thereof, or that he ever in any way informed them how much of said liens, as claimed by the holders thereof, was due from him, or that any part thereof, was so due.  These facts all clearly appear from an inspection of the record, and in regard thereto, there has been little or no dispute between counsel.  It also clearly appears that at the time the lumber was sold, it was in the possession of the defendant. · The important question which this Court has to decide, is whether or not under the facts above stated the defendant should have recovered of the plaintiffs the price of said lumber.

The sale of the lumber carried with it a warranty of title. For whatever may be the law, as established by recent decisions in England, there is, in my opinion, no doubt but what it is the settled law of this country that the sale of property in the possession of the vendor carries with it a warranty of title which warranty extends to incumbrances.  See *Brown* v. *Pierce*, 97 Mass. 46; *Williamson* v. *Sammons*, 34 Ala. 691; *Ward* v. *Colvin*, 1 Head, 506; *Linton* v. *Porter*, 31 Ills. 107; *Fawcett* v. *Osborne*, 32 Ills. 411; *Boyd* v. *Whitfield*, 19 Ark. 447; *Chisin* v. *Woods*, Hardin, 531; *Hewance* v. *Vernoy*, 6 Johns. 5; *Sweet* v. *Colgate*, 20 Johns. 196; *McCoy* v. *Artcher*, 3 Barb. 323; *Deo* v. *Stannion*, 1 Mees and W. 701; *Vibbord* v. *Johnson*, 19 Johns. 78; *Coolridge* v. *Brigham*, 1 Met. 551; *Willing* v. *Peters*, S.

and R. 181; *Dean* v. *Mason*, 4 Conn. 318; *Tipton* v. *Triplett*, 1 Met. (Ky.) 570; and *Boyse* v. *Briscoe*, 13 B. Mon. 474.

The existence of the said liens then constituted a breach of the defendant's warranty of title to the lumber, and the only remaining inquiry is as to what were the rights of the plaintiffs in regard to such sale on account of such breach. It is conceded by counsel for defendant that for such a breach of warranty the vendee may at any time before the delivery of the property to him, rescind the contract and refuse to accept the goods. This being so it must in my opinion follow as a matter of reasoning that where goods are delivered and accepted by the vendee without any knowledge of the existence of the facts constituting a breach of warranty, that upon the discovery of such facts he shall have the right to rescind the contract upon tendering back the property purchased. And upon both principle and authority, I think, that where property is sold with warranty of title, upon which there was at the time of the sale a lien of any kind not known to the vendee, by reason of which said property is taken and kept from the vendee, without negligence or fault of any kind on his part, such taking will of itself at the option of the vendee, work a rescission of the contract of sale, and be a good defense to an action for the purchase price. See *De Freeze* v. *Trawper*, 1 Johns. 274; *Dresser* v. *Ainsworth*, 9 Barb. 619; *Blaisdell* v. *Babcock*, 1 Johns. 518; and *Read* v. *Staton*, 3 Haywood, 159.

Was it then the duty of the plaintiffs to have discharged those liens and thus have prevented the lumber in question having been sold to satisfy the same? I think not. For while it is true that they probably had a right (at their peril that they paid no more than was actually secured by said liens,) to have paid the same, and would have been entitled to have the amount of such payments, set off as against the purchase price. Yet in the absence of any information from the defendant, or any final adjudication by the Courts as to the amount of said liens until after the property had been taken from them, thereunder, and sold, it would not be reasonable to hold that they were in duty bound to pay whatever was claimed by the lienors and then

take their chances of having a part or the whole of such payment set off against the purchase price. While it is now well settled, that in cases similar to the one under consideration the vendee *may*, where the amount of the lien has been finally adjudicated, or is agreed to by the vendor, pay the amount and discharge the property and compel repayment to the vendor; yet it is far from being settled by adjudication that it is his *duty* so to do, and I think that there cannot be a single case found which holds that it is the *duty* of the vendee to thus protect the property where, as in this case, the vendee at the time of purchase had no knowledge of the existence of the lien and in the absence of any agreement by the vendor or adjudication by the Courts as to the amount thereof.

In the case of *Harper, et al.*, v. *Dotson, et al.*, 53 Iowa, 236, the amount of the lien which constituted the breach of warranty had been established by a decree to which the vendees were parties, and which they had by authority of the vendor confessed, yet the Court while holding that under such circumstances the vendees had a *right* to discharge the lien and recover of the vendors the amount thereof and while they say that in a case in Pennsylvania, the Court had under like circumstances, held that it was the *duty* of the vendee so to do, yet they expressly and notably refuse to go to the extent that said Pennsylvania Court had, but contented themselves with holding as above stated. If then, as it would seem from this Iowa case, and others above cited, there is doubt about its being the *duty* of the vendee to protect the property where the amount of the lien is thus conclusively established, I think that it follows conclusively, both in reason and upon authority, that in a case like the one under consideration, there would be no such duty devolving upon the vendees. See cases above cited.

It follows, from what I have said, that the lot of lumber in question was taken from the plaintiffs, without negligence or fault on their part, by virtue of the liens existing at the time of the sale to them, and was all absorbed by such liens, which taking and absorption, upon principle and authority, constituted a rescission of the contract at the option of the vendees and was a valid defense to the action for the purchase price.

The Court below, therefore, in my opinion, erred in over-ruling said defense and in allowing defendant to recover the purchase price of said lot of lumber, for which error the judgment rendered below must be reversed and a new trial granted.