## ROWLAND'S ADM'RS *vs.* SHELTON.

1. The measure of damages for a breach of a warranty of title to a slave, which is afterwards recovered from the vendee in a suit of which the vendor had notice, is the value of the slave at the time of his purchase, with interest thereon, and the cost necessarily incurred by him in the suit brought against him to test the title, with interest thereon from the time of its payment.

15

APPEAL from the Circuit Court of Benton.

Tried before the Hon. ANDREW B. MOORE.

THIS was an action of COVENANT by Clough L. Shelton against R. D. Rowland's administrators, to recover damages for the breach of an express warranty of title to a slave, which was sold by said Rowland to Shelton, and was afterwards recovered from the latter, in an action of detinue, brought by one Rutledge, who claimed and recovered under title paramount to that of Rowland; of which action Rowland had notice. The court charged the jury, "that the measure of damages in this case was not the value of the slave at the time of plaintiff's purchase from defendants' intestate, superadded to the costs of the suit of Rutledge against the plaintiff, and interest thereon"; but "that plaintiff was entitled to recover the value of the negro as assessed in that suit, and the following costs of suit, viz., the attorney's tax-fee and the county tax, and nothing more." To this charge the defendants excepted, and they now assign it for error.

JAS. B. MARTIN, for the appellants:

The measure of damages in cases of this character, is the purchase money, interest thereon, and the costs of the suit by which the vendee was evicted, as the following authorities show.: Staats v. Ten Eyck's Ex'rs, 3 Caine's Cas. 111; Baldwin v. Munn, 2 Wend. 399; Pitcher v. Livingston, 4 Johns. 1; Smith v. Strong, 14 Pick. 128; Nichols v. Walters, 8 Mass. 243; Williams v. Beeman, 2 Dev. 483. The same rule applies in the sale of personal property.—Sheppard v. Hampton, 3 Wheat. 200; Shannon v. Comstock, 1 Brock. 212; Badgett v. Broughton, 1 Kelly 591; Milton v. Rowland, 11 Ala. 732; Marshall v. Wood, 16 *ib.* 806; 5 Wend. 535; 1 Johns. 517; Willis v. Dudley, 10 Ala. 933; Warner v. Hatfield, 4 Blackf. 394. The judgment in the suit of Rutledge against Shelton, was no evidence of the damages in this case; that was an action of detinue, in which the courts encourage high valuations of property, for the purpose of securing its return in specie, which is the object of that suit; such assessments are no criterion of real value.

WHITE & PARSONS, *contra:*

The cases in which the value of the thing sold at the time of sale, with interest thereon, has been held the criterion of damages, in actions of this kind, are for breach of warranty of soundness, and not of title.—Willis v. Dudley, 10 Ala. 935; Milton v. Rowland, 11 *ib.* 732. The general rule of law is, that when the law gives a remedy, it shall be commensurate with the injury sustained.—Willis v. Dudley, *supra.* It is manifest that the injury sustained in this case is the value of the negro at the time of the recovery by title paramount to that of the vendor. The warranty was, that the title was good; it was broken; shall the person who relied upon its *bona fides* and validity suffer wrong by so doing, or shall the warrantor be compelled to make good his warranty by indemnifying his vendee against whatever loss he may have sustained? The value at the time of sale, with interest, is oftentimes not a compensation or indemnity, and the vendee is made to suffer, not for laches or wrong on his part, but for relying on his vendor's statements. That the measure of damages, upon a breach of warranty of title, is the value at the time of eviction, see Gore v. Brazier, 3 Mass. 523; Caswell v. Wendell, 4 *ib.* 108; Bigelow v. Jones, *ib.* 523; Chapel v. Bull, 17 *ib.* 213; Sweet v. Patrick, 3 Fair. 1; Sterling v. Peet, 14 Conn. 245; Park v. Bates, 12 Vcrm. 381; Bissell v. Erwin, 13 La. 143; Mills v. Bell, 3 Call's R.

GOLDTHWAITE, J.—The only question raised upon the briefs of the counsel in the present case, is, as to the measure of damages on a breach of the warranty of title of a slave. The rule is well established, that if one contracts with another for the delivery of goods at a particular day, to be then paid for, the measure of damages is the value of the goods at that time.—Sheppard v. Hampton, 3 Wheat. 200; Day v. Dox, 9 Wend. 129; Shaw v. Nodd, 8 Pick. 9. So, in an action against the vendee, for refusing to accept goods, agreed to be purchased at a specific price, the measure of damages is the difference between the price agreed to be paid and the actual value of the goods at the time they should have been accepted. Davis v. Adams, 18 Ala. 264. If, therefore, one was to agree to sell and deliver a slave with a warranty of title, on a day

certain, to be then paid for, and was to fail to comply with his engagement, the value of the slave at the time he was to have been delivered, with interest to the judgment, would be the measure of damages. Regarding the breach of the warranty as simultaneous with its execution, there is no difference in principle between the cases we have cited and the case under consideration. But without reference to these decisions, the rule in this court, as to a warranty of soundness, is, that where a slave from disease is worth nothing, the purchaser is entitled to recover the actual value of the slave at the time of the purchase, with interest and such other damages as naturally flow from the breach of the warranty, such as expenses for medical attendance, (Hogan v. Thorington, 8 Por. 428; Kornegay v. White, 10 Ala. 255; Willis v. Dudley, *ib.* 933; Marshall v. Wood, 16 *ib.* 807; Worthy v. Patterson, 20 *ib.* 172); and if the rule established by these cases is correct, no good reason can exist, why it should not apply to a warranty of title. It commends *itself* to us very strongly from its simplicity, and meets the ends of justice, we think, better than any other general rule which could be adopted. Applying the rule to the case before us, there is no difficulty. The plaintiff below was entitled to recover the value of the slave at the time of the purchase, with interest, and he was also entitled to recover the cost which he *necessarily* incurred in the suit brought against him to test the title (Armstrong v. Percy, 5 Wend. 535), with interest from the payment; these costs being regarded as the natural consequence of the breach of the warranty, and thus falling within the influence of the principle of Hogan v. Thorington, *supra.*

Judgment reversed, and cause remanded.