## WILLIAMSON *vs.* SAMMONS.

[TROVER FOR CONVERSION OF HORSE.]

1. *What constitutes maintenance.*—The vendor of a chattel, having given an express or implied warranty of title, is not guilty of maintenance in upholding the suit of the purchaser involving the title.
2. *Transfer of property adversely held*—When a chattel has been taken from the possession of the purchaser by a third person, under a *bona-fide* claim of title, and the contract of sale has been afterwards rescinded by agreement between the purchaser and his vendor, the vendor may maintain an action against such third person for the conversion.
3. *Warranty of title on sale of personalty.*—In the absence of proof to the contrary, the law implies a warranty of title in the sale of a chattel.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. ROBT. DOUGHERTY.

THIS action was brought by John H. Williamson, against Howell Sammons, to recover damages for the conversion of a horse. The plaintiff bought the horse in controversy from one Fields, in January, 1855, and after-

wards sold him to one Henry P. Graham. The defendant, having lost a horse of similar description early in January, 1855, made oath, before a justice of the peace, that the horse in Graham's possession was the same that had been lost or stolen from him, and took the horse into his own possession. The plaintiff and Graham then rescinded the contract between them for the sale of the horse, and plain-. tiff afterwards brought this action. "The court charged the jury, among other things, that if they believed that the defendant, at the time he took the horse from Graham, honestly believed that it was his horse; and that plaintiff, before that time, had sold and delivered the horse to Graham, and taken his note for the price,—then the right of action was in Graham; and if they believed that plaintiff and Graham, after defendant had taken the horse, rescinded their contract for the purchase and sale of the horse, and plaintiff gave up Graham's note for the horse, then the right of action was in Graham, and plaintiff could not maintain this suit; and that after the horse had been taken from Graham by defendant, under an honest belief that it was his property, Graham could not transfer that right to another, by a rescission or otherwise, so long as defendant held the horse, honestly believing it to be his." This charge, to which the plaintiff excepted, is now assigned as error.

S. LEIPER, and ALEX. WHITE, for appellant.

J. W. McRAE, and JNO. T. MORGAN, contra.

A. J. WALKER, C. J.—The rule which prohibits the transfer of property, adversely held, is founded in the idea, that such transfers involve the evils of maintenance. 4 Kent's Com. 446, et seq.; Goodwin v. Lloyd, 8 Porter, 237; Brown v. Lipscomb, 9 Porter, 472. "The reason of this rule was to prevent maintenance, and to prevent the weak from being oppressed by a powerful antagonist, to whom his competitor might assign his title, and who, by his wealth, his influence, or his power, might prevent the ends of justice."—Hinton v. Nelms, 13 Ala. 222.

The offense of maintenance consists in the "officious

intermeddling in a suit that no way belongs to one, by maintaining or assisting either party, with money or otherwise, to prosecute it or defend it."—4 Blacks. Com. 135. It is certain that the commission of this offense is not involved in the maintaining by the seller, who has warranted the title, of the suit of his purchaser which involves that title. The seller who has made a warranty of title has a right to aid his purchaser in a suit involving the validity of the title conveyed, and has a direct interest in the litigation. One having such an interest in a suit is not guilty of maintenance in upholding it. 6 Bacon's Abr., *Maintenance*, B. 1, page 412; 1 Story on Con. §§ 578, 579; Chitty on Con. 584; Smith on Con. 146; Addison on Con. 94.

A vendor who stands as a warrantor of the title, may take upon himself the suit of his vendee which involves that title, and may act in its prosecution as if it were his own suit, when his vendee interposes no objection. Upon principle, we can see no reason why he may not as well be permitted to take back the title, and prosecute the suit in his own name. None of the dangers or evils of maintenance would result from the allowance to a vendor of the privilege of taking back his title and maintaining it in an action in his own name, as he might do in the name of his vendee. Such a transaction does not fall within the reason of the rule which prohibits the conveyance of property adversely held.

The law, in the absence of proof to the contrary, implies a warranty of title in the sale of chattels.—Ricks v. Dillahunty, 8 Porter, 133.

Upon the reasoning above adduced, we decide that, if the plaintiff, Williamson, sold the horse which is the subject of litigation, either with an express or implied warranty of title; and that, after such sale, the defendant took the horse into his possession, and held him under a *bona-fide* claim of title, a transfer back to Williamson by the purchaser, upon a rescision of the contract of purchase made pending the adverse possession, would not be void.

There was error in the charge given by the court, for which the judgment must be reversed, and the cause remanded.