# Gray *v.* Haynes & Bro.

## *Trover.*

(Decided Dec. 16, 1909. 51 South. 416.)

1. *Mortgages; Trover; Evidence.*—To maintain trover for the conversion of certain cotton claimed under a mortgage conveying the entire crop raised by the mortgagor in a designated county during a certain year the mortgagee has the burden of showing that the cotton was grown by the mortgagor in that county.

2. *Appeal and Error; Presumptions; Bill of Exceptions; Recitals.*—Where the bill of exception recites that all of the evidence, and all that the evidence tended to show was set out therein, such recital excludes the inference that evidence essential to sustain the judgment not set out in the bill of exceptions, was introduced, and the judgment must therefore, be reversed.

3. *Sales; Warranty of Title.*—The sale of a chattel carries the implication of warranty of title thereto, where nothing to the contrary appears.

4. *Same; Rights of Buyer as to Third Person; Liens; Warranty.*—Where the mortgagor delivered the first mortgagee a mule and received a credit on the mortgage of $100.00, and it afterwards developed that there was another mortgage on the mule and the first mortgagee paid to the second mortgagee the amount of the indebtedness and had the mortgage transferred to him, such act operated to toll the credit to the extent of the amount due on the second mortgage, and where the debtor insisted on the first creditor taking up the second mortgage, one who had converted the property could not complain of the seller's breach of warranty of the title.

APPEAL from Anniston City Court.

Heard before Hon. T. W. COLEMAN, JR.

[Gray v. Haynes & Bro.]

Action by D. P. Haynes & Bro. against W. C. Gray for conversion. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

The plaintiffs relied upon two mortgages executed by M. W. Johnson to them, conveying the entire agricultural crop grown or raised by him or his tenants in Calhoun county, Ala., during the year 1903. It further appears from the evidence that the account was nearly paid, and that in the payment of the account a mule was delivered to plaintiffs by Johnson, for which he received a credit of $100. It afterwards developed that one Frye had a mortgage on this mule for a balance due of $79.99, and on learning this plaintiffs paid Frye this amount, and had the mortgage transferred to them, and charged this amount to Johnson's account. This mortgage transferred was offered in evidence and objected to.

MATTHEWS & MATTHEWS, for appellant.—To show title in themselves it was encumbent on appellee to prove that the cotton was raised and grown in Calhoun county as declared in the mortgage.—*Wyndham & Co. v. Steverson & Alexander,* 47 South. 281. The recitals of the bills of exceptions are that it contains all the evidence and all that the evidence tends to show, and fails to disclose any proof as to when or where the cotton was raised.

KNOX, ACKER, DIXON & BLACKMON, for appellee.— One who purchases a crop on which there is a chattel mortgage or who converts it to his own use with actual or constructive notice of the lien, is liable to the mortgagee.—*Haynes & Bro. v. Gray,* 41 South. 615. In the absence of the proof to the contrary the law implies a warranty in the sale of chattels.—*Williamson*

*v. Sammons,* 34 Ala. 691; *Rix v. Dilehanty,* 8 Port. 133. This court will presume that there was evidence saving the conclusion that was reached by the trial court. —*Robinson v. Starnes,* 137 Ala. 138. Unless shown to be wrong the presumption of the correctness arises.— *Duckworth v. Butler,* 31 Ala. 164; *Forrester v. Forrester,* 40 Ala. 557; *Wright v. The State,* 129 Ala. 123.

McCLELLAN, J.—While not officially reported, the conclusions reached on former appeal of this case may be found in 41 South. 615.

The action is trover, for the conversion of a number of bales of cotton. The plaintiffs rest their rights in the premises upon two mortgages executed by M. W. Johnson to them. These mortgages, it seems to be conceded, covered agricultural products, raised as described therein, grown "in Calhoun county, Ala.," and not elsewhere. It is recited in the bill of exceptions that all of the evidence, and all that the evidence tended to show, is set out therein. There is nothing in the bill tending in any sense to show that the cotton in question was grown in Calhoun county, or, for that matter, where it was grown. As appears from the opinion on former appeal, there was testimony tending to establish that essential fact, in order to show that title in, and right to the possession of, the cotton necessary to plaintiffs' maintenance of the action. But, though the fact was as indicated, we cannot ignore the stated affirmative recital of the bill of exceptions, which excludes any inference or assumption that the evidence tended to establish the fact that the cotton was grown in Calhoun county. In the absence of evidence in support of the stated fact, the judgment cannot stand, since without some tendency in the proof of that fact the plaintiffs had no such title and right to the cotton as

would, under familiar law, support an action by them for the alleged conversion.

There is no merit in the errors assigned as upon testimony admitted in respect of the Frye mortgage, given by Johnson upon the animal and encumbering it when plaintiffs accepted it and credited Johnson's indebtedness to them with the agreed value, namely, $100. In the absence of anything to the contrary, and that was the state of the case in this instance, the sale of a chattel carries the implication of a warranty of title thereto.—*Williamson v. Sammons*, 34 Ala. 691; *Ricks v. Dillahunty*, 8 Port. (Ala.) 134. The breach of that warranty was here present, and the practical effect of the warrantee's act in procuring the assignment for value of the Frye mortgage, the existence of which wrought the breach, was to toll the credit to the extent of the amount due on the outstanding mortgage. Furthermore, the testimony shows that Johnson insisted on plaintiffs taking up the Frye mortgage. Certainly, if Johnson, in good faith that does not appear to be doubted, was willing to save the loss to the plaintiffs from his breach of warranty, the alleged tort-feasor cannot complain.

The judgment is reversed on the sole ground indicated before. The cause is remanded, as right demands, in this instance, should be done.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.