(100 South. 101)

### EDWARDS v. BEARD. (7 Div. 466.)

(Supreme Court of Alabama. April 17, 1924. Rehearing Denied May 15, 1924.)

**1. Sales ⊕434—Complaint against seller on warranty of title held to show claim litigated by buyer with third person was title superior to seller's.**

Complaint of buyer against seller on implied warranty of title *held* to sufficiently show that what had been litigated on the merits by buyer with third person, with seller's knowledge and consent, was such person's claim of title paramount to seller's.

**2. Sales ⊕263—Implied warranty of title, where seller in possession.**

In the absence of anything to the contrary, there is an implied warranty of title, at least where seller is in possession of chattel.

**3. Sales ⊕263—Implied warranty of title, where seller in apparent possession.**

There is an implied warranty of title of corn, where seller is in apparent possession of it, offering it on the land of another, of whom he claimed to have bought it, and turns over to buyer the key of the crib; no notice being given buyer of any adverse possession.

**4. Sales ⊕263—Implied warranty of title in sale by agent.**

There is an implied warranty of title in sale by agent of one in possession with delivery of possession.

**5. Judgment ⊕682(2)—Seller notified that third person had taken property under claim of superior title, concluded by judgment in action by buyer against such person.**

Buyer notifying seller that the property has been taken by third person under claim of title superior to seller's, and seller treating notice as invitation to protect buyer's title, and declining to do so, and throwing responsibility on buyer, seller is concluded by the judgment for third person in detinue thereafter brought against that person by buyer with seller's knowledge.

**6. Sales ⊕442(12)—Costs and attorney's fees of buyer, in action against third person taking possession under claim of superior title, elements of damage for breach of warranty of title.**

Costs and reasonable attorney's fees of buyer in his unsuccessful action against third person, who has taken the property under claim of title superior to seller's, are proper elements of damage for seller's breach of implied warranty of title.

**7. Appeal and error ⊕1140(3)—Error in judgment including an item of damage cured by voluntary remittitur.**

Any error in including an item of damage in judgment is cured by plaintiff, after judgment rendered, voluntarily remitting amount of item.

Appeal from Circuit Court, Talladega County; A. P. Agee. Judge.

Action for breach of warranty by J. B. Beard against George M. Edwards. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint alleges that plaintiff purchased from defendant a quantity of corn, and it is averred that—

"Thereafter one Mrs. S. B. Sailors laid claim to said corn, and assumed physical dominion over the same, basing her said claim thereto solely upon title in herself to said corn, paramount to, and adverse to, the title of plaintiff's vendor, the defendant, George M. Edwards, to the same; and that of this the plaintiff advised the defendant. And plaintiff further avers that he then made demand upon the said Mrs. S. B. Sailors for possession of said corn, and that, upon her refusal to deliver the same to him, the plaintiff did, with the knowledge and approval of the defendant, commence his suit in detinue in the circuit court of Talladega county, Ala., against the said Mrs. S. B. Sailors, for the recovery of said corn," etc.

The suit was for $750 damages, and the claim for special damages is as follows:

"And the plaintiff further avers that in and about the prosecution of said detinue suit as aforesaid he has been caused to expend the sum of, to wit, four hundred fifty ($450) dollars, and that the defendant, although requested by the plaintiff so to do, has wholly failed to pay to the plaintiff any of the above amounts."

The jury returned a verdict for $693.46, and there was judgment thereon by the court. Defendant moved for a new trial assigning as ground, among others, that the verdict was excessive in the sum of $100.

Plaintiff entered a remittitur for said amount, and the motion was overruled.

Harrison & Stringer, of Talladega, for appellant.

There is no implied warranty where the seller is not in possession of the chattel. 24 R. C. L. 185; 35 Cyc. 295; Huntingdon v. Hall, 36 Me. 501, 58 Am. Dec. 766. The vendor is not concluded by judgment in a suit to which he was not a party and of which he had no notice. Graham v. Tankersley, 15 Ala. 634; Salle v. Light, 4 Ala. 700, 39 Am. Dec. 317. It is necessary to allege and prove that the recovery against the vendee was under a title paramount to that of the vendor. Salle v. Light, supra; Cargill v. Walker, 1 Stew. & P. (Ala.) 223.

Earle Montgomery, of Talladega, for appellee.

In the ordinary sale of chattels the law will imply a warranty of title, though none be expressed in the contract. Cozzins v. Whitaker, 3 Stew. & P. (Ala.) 322; Consumers' Coal Co. v. Yarbrough, 194 Ala. 482, 69 South. 897; Williamson v. Sammons, 34 Ala. 691; Hafer v. Cole, 176 Ala. 246, 57 South. 757. If the vendor represents himself to be the owner of the chattel, this is tantamount to warranty of title. Balte v. Bedemiller, 37 Or. 27, 60 Pac. 601, 82 Am. St. Rep. 737. The plaintiff was entitled to recover the amount of the judgment rendered against him in the detinue suit, together with costs of suit and attorney's fee. Rowland v. Shelton, 25 Ala. 217.

BOULDIN, J. The suit is for damages for breach of an implied warranty of title in the sale of chattels. The subject-matter is a crib of corn.

[1] The complaint alleges that subsequent to the sale a third person laid claim to the corn, assumed physical dominion over it, claiming title paramount to the title of plaintiff's vendor; that plaintiff made demand on the claimant to surrender the possession and upon her refusal brought suit in detinue therefor with the knowledge and consent of the defendant, plaintiff's vendor; that upon a trial on the merits judgment went for claimant, the defendant in the detinue suit. The costs and attorneys' fees incurred in the detinue suit are claimed as special damages. The first point made in argument is that the complaint does not sufficiently show that Mrs. Sailors, the defendant in detinue, defended and held the corn under title paramount to the title of plaintiff's vendor. The complaint shows her sole claim of title under which possession was taken was adverse and paramount to that of plaintiff's vendor. Taken as a whole, we think this is the claim of title alleged to have been litigated on the merits with the knowledge and consent of the vendor.

In the case of Salle v. Light's Ex'rs, 4 Ala. 700, 39 Am. Dec. 317, the property had passed from the vendee to a subvendee, and the suit was by a third party against the subvendee. There was no privity of contract between the original vendor and the subvendee. In such case it was held the complaint should show the third party recovered on a title paramount to that of the original vendor, and not on a title acquired after it passed out of him. That case is not analogous to this on the point in question.

In passing upon the questions raised on the issue of implied warranty, the effect of a judgment as evidence of breach, and the damages recoverable, we here state a few governing rules of law:

Under the early common law the maxim caveat emptor was applied with all its rigor to sales of chattels. No implied warranty of title was recognized. But later the courts of England and America adopted the rule of the civil law. This rule has been thus stated:

"It is understood that the seller of personal chattels impliedly stipulates that the article sold is his own, and that he will indemnify the buyer for the loss, if the title is in another person." Ricks v. Dillahunty, 8 Port. 134, 137.

"The law, in the absence of proof to the contrary, implies a warranty of title in the sale of chattels." Williamson v. Sammons, 34 Ala. 691, 693.

"In the absence of anything to the contrary, * * * the sale of a chattel carries the implication of a warranty of title thereto." Gray v. Haynes & Bro., 164 Ala. 294, 297, 51 South. 416, 417.

"Where the vendor of chattels is in possession, and sells in his own right, the law implies a warranty of the title, for the breach of which an action lies in favor of the vendee." Hafer v. Cole, 176 Ala. 242, 246, 57 South. 757, 759.

"In ordinary sales of chattels the law will imply a warranty of title, though none be expressed in the contract, whether it be in writing or by parol. * * * This rule of good faith between vendor and vendee was recently extended, in the case of Corry v. Sylvia y Cia, 192 Ala. 550, 68 So. 891, where it was held that the seller's silence in regard to incumbrance upon or defect in title, with knowledge of the purchaser's ignorance thereof, is a fraud amounting to an actionable deceit." Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 488, 69 South. 897, 900.

[2] The point is made in argument that no implied warranty arises where the seller is not in possession, and that this rule should be given effect in the case at bar.

It is stated on good authority that the prevailing rule in this country is that no implied warranty arises when the seller is not in possession, but the actual possession is in another. 35 Cyc. p. 395; 24 R. C. L. p. 185, § 456.

This rule is stated by the same authorities not to be uniform; and where the seller

has constructive possession or expressly asserts the title to be in him, the implied warranty arises. 24 R. C. L. p. 185, § 456.

Mr. Mechem, however, says there is a tendency to break away from the rule that an implied warranty does not exist where the seller is out of possession, and that the modern rule in the United States is in accord with the later English rule as stated by Mr. Benjamin, namely:

"That where the seller, whether in or out of possession, purports to sell an absolute title, the warranty of title will attach." 2 Mechem on Sales, § 1302.

It would seem that an offer to sell an absolute title is the same in effect as an express claim of such title. On principle, we do not perceive the difference in legal duty and obligation.

The nature of a sale may enter into the question. One incident of a sale is delivery of possession, actual or constructive. If the property is at the time in the actual adverse possession of another, the transaction may be merely the assignment of a chose in action, or an incomplete executory contract of sale. The facts of the case before us do not appear to make it necessary for us to decide the question here.

[3, 4] The corn was cribbed on the lands of Mrs. Sailors, had been hers and in her possession. Plaintiff's testimony is to the effect that the defendant, Edwards, there on the ground offered him the corn as his own, claimed to have bought it from Mrs. Sailors, that plaintiff bought and paid for it, whereupon the defendant turned him over the key, assisted in nailing up the crib, and the plaintiff took possession and proceeded to haul the corn away, when Mrs. Sailors gave notice to quit. On plaintiff's evidence defendant was at the time in apparent possession and control, and no notice was given plaintiff of any adverse claim of title.

The defendant's testimony as to an actual sale and delivery of possession is not materially different. The chief issue is whether it was sold as defendant's corn or the corn of Mrs. Sailors. Defendant insists that he sold the corn for Mrs. Sailors at her instance, the money being paid to defendant on a mortgage held by him on the corn. We think that in either view of the testimony there was an implied warranty of title to the corn to this plaintiff. The issue made by the evidence is, Who made the warranty?

[5] It is the right, and may be the duty, of the buyer of personal property to yield the possession to the true owner on demand. If he does so, however, he assumes the burden of proving he yielded to a paramount title in an action against his vendor for breach of warranty. In case of doubt, common prudence dictates he should defend his possession. Hafer v. Cole, 176 Ala. 242, 57 South. 757. If the buyer is sued for possession,

he may give proper notice of the pendency of the suit to his vendor, and, if a judgment is obtained against him under paramount title, without fraud or collusion, it is conclusive against the seller. Salle v. Light's Ex'rs, 4 Ala. 700, 39 Am. Dec. 317.

The purpose of the notice is to give the vendor the opportunity to direct the course to be pursued. The seller has open to him three courses of action: (1) He may admit the superior title and direct no defense to be made, thus saving the costs of needless litigation. (2) He may undertake and conduct the defense of the suit. (3) He may say nothing, or tell the buyer to take his own course.

An implied warranty of title to chattels does not warrant against wrongful disturbance of possession, nor against a suit for possession by one with no superior title. Hence, it often occurs that the seller adopts the hands off policy, which is the equivalent of saying to the buyer, "I sold you a good title, and you should protect it."

But, in order for the seller to be concluded by the judgment, it is essential that he have opportunity to make the election above outlined. The notice need not be in writing, but must afford the seller opportunity to defend the title he has warranted. Salle v. Light's Ex'rs, 4 Ala. 700, 39 Am. Dec. 317; 24 R. C. L. p. 270, § 549; 35 Cyc. pp. 479, 480; 2 Mechem on Sales, p. 1440, § 1798.

In the case at bar it must be noted that no suit was brought against the vendee, but the claimant took possession without suit. The complaint avers that plaintiff advised this defendant of that fact and of the claim of paramount title, and that the detinue suit was brought with the knowledge and approval of defendant.

The evidence for plaintiff was that he wrote defendant about Mrs. Sailors' claiming the corn, also notified him in person, and asked, "What about it?" That defendant replied, "I can't do anything because they have sued me," and told plaintiff to go ahead and get the corn the best way he could. This was before suit brought. Plaintiff testified he notified defendant of the suit after it was brought. It further appears defendant was a witness in the detinue suit, and that his counsel advised him to keep hands off in the detinue suit of plaintiff against Mrs. Sailors. Defendant's testimony on cross-examination touching the notice before suit was, in substance, the same as that of plaintiff—that he told plaintiff "that he would have to take care of his own troubles," "I haven't anything to do with it," etc.

In this case the proper time for the notice was before bringing suit. That was the time for the seller to determine what course he would take, if any, to make good his warranty. The testimony fully sustains the conclusion of the jury that he had prop-

er notice, that he treated this notice as an invitation to protect his vendee's title, that he declined so to do, and threw the responsibility on the vendee.

The vendee had the alternative to let the corn go, and assume the burden of disproving his own title, or to test the title by suit in detinue. If successful, this would protect both the vendor and vendee.

We conclude he was within his rights in bringing the detinue suit.

There is evidence, especially of the witness Dixon, that the issue of title between the vendor, Edwards, and Mrs. Sailors, was tried in the detinue suit. The record of that suit was properly admitted in evidence.

[6] The costs of the detinue suit, with the reasonable attorney's fees incurred by plaintiff in seeking to sustain his title, were proper elements of damage. Rowland's Adm'r v. Shelton. 25 Ala. 217; Chestnut v. Tyson, 105 Ala. 149, 163, 16 South. 723, 53 Am. St. Rep. 101; 17 C. J. p. 809, § 135; 24 R. C. L. p. 270, § 549; 2 Mechem on Sales, p. 1440, § 1798.

[7] We need not decide whether a recovery should have been allowed for the attorneys' fees paid as damages on the bond for seizure in the detinue suit. The plaintiff after judgment rendered voluntarily remitted an amount equal to the item so claimed. This would cure any error in that regard.

The rulings of the court below were in accord with the above opinion. The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.