This appeal arises from a claim by George E. Jensen Contractor, Inc. (Jensen) that Quality Millworks, Inc. (Quality) is liable for attorneys' fees incurred by Jensen in a successful appeal to the Armed Services Board of Contract Appeals (ASBCA). The original dispute involved work performed in renovating barracks at Redstone Arsenal. Jensen was the general contractor for the project, while Quality supplied to Jensen doors for the barracks. Quality obtained the doors from Florida Made Door Manufacturing Company (Florida Made), which was made a third party defendant in the present action. There being no dispute on any issue of material fact, the question regarding attorneys' fees went to the Circuit Court for Pike County on motions for summary judgment filed by all parties. The court issued an order denying Jensen's motion, and granting the motions of Quality and Florida Made. From this order and judgment Jensen appealed.
The issue before us on appeal is whether the trial court properly held that Quality was not obligated to reimburse Jensen for its successful defense of a breach of warranty claim, absent a breach of contract or duty by Quality. We affirm.
The following facts provide the background for this case:
Jensen, a contractor in the sole business of contracting with the United States Government (the Government), entered into a contract with the Government known as the "Barracks Modernization, Redstone Arsenal, Alabama" contract. Pursuant to a purchase order for $35,291.00, Quality agreed to supply wooden doors that complied with requirements and specifications set forth in Jensen's Government contract. The doors were manufactured and supplied to Quality by Florida Made.
Several months after the installation of the doors and use of the barracks by troops, the Government notified Jensen of widespread door failure, and directed that the doors be replaced. After extended negotiations, Jensen replaced the doors under protest. The Government refused to pay Jensen for this work, contending that the original doors did not meet the contract specifications. Jensen filed a "protective" breach of contract action against Quality, asking the Circuit Court for Pike County for an indefinite stay of that action pending the outcome of its dispute with the Government. In its motion to stay Jensen stated, "If Jensen prevails in those claims [against the Government], this action would be dismissed." Jensen meanwhile made claim for equitable adjustment in its contract price for the additional work, but this claim was rejected by the contracting officer.
Jensen then notified Quality of its intent to appeal the contracting officer's decision to the ASBCA, and tendered the prosecution of such an appeal to Quality. Quality refused prosecution of the appeal, maintaining that the doors were furnished in compliance with Jensen's contract specifications.
Jensen's appeal was tried before the ASBCA, which ruled that the doors did comply with the Government's specifications. As a result of this ruling, the Government paid Jensen $99,894.40 for replacement of the doors.
After the favorable ASBCA decision, Jensen amended its complaint in circuit court against Quality, seeking to recover attorneys' fees of $32,550.33 expended in prosecution *Page 1234 
of the ASBCA appeal. It is agreed by all parties that the doors supplied under the contracts did comply with Government specifications.
The general rule in Alabama and most other jurisdictions is that attorneys' fees are not recoverable as damages, in the absence of a contractual or statutory duty, and a few other exceptions on equitable principles. Highlands UnderwritersInsurance v. Eleganté Inns, 361 So.2d 1060 (Ala. 1978); Statev. Alabama Public Service Commission, 293 Ala. 553,307 So.2d 521 (1975).
 However, it is generally recognized that where the natural and proximate consequences of the defendant's wrongful act causes the plaintiff to become involved in litigation with a third person, attorneys' fees and other expenses incurred in such litigation may be recovered as damages. 22 Am.Jur.2d, Damages, § 166, p. 235; 25 C.J.S. Damages § 50, p. 787.
Highland Underwriters, supra, at 1066.
While Highland Underwriters involved a tortious breach of duty, the above principle regarding attorneys' fees has also been applied in Alabama where litigation with a third party was a foreseeable result of the breach of some contractual duty between the parties to the action for indemnity. See Edwards v.Beard, 211 Ala. 251, 100 So. 101 (1924). Edwards involved an implied warranty of title in the sale of a chattel. This court found that the warranty was breached, and held that the buyers' costs, including reasonable attorneys' fees incurred in seeking to sustain his title, were proper elements of damage in his suit against the seller.
The cases regarding attorneys' fees, in this jurisdiction and elsewhere, have almost universally held that the right to indemnity, including attorneys' fees, requires a breach of duty on the part of the indemnitor. The Court of Appeals for the Fifth Circuit has, as recently as 1981, had occasion to interpret Alabama law on this point. In Wood v. Old SecurityLife Insurance Company, 643 F.2d 1209 (5th Cir. 1981), plaintiff sued on an insurance policy and collected. She then sued the agency which had procured the policy, and others, for costs, including attorneys' fees, of the prior litigation. The trial court dismissed the indemnity suit for reasons which included the fact that plaintiff had been successful in her suit against the insurance company. In reversing the trial court, the Court of Appeals stated:
 In our view, Elegante Inns dictates that the dismissal of plaintiff's suit against the Agency and the Bank be reversed. In Elegante Inns, just as in this case, the insured successfully collected the proceeds of the policy despite the breach of duty committed by the agent. The fact that the insured collected the proceeds did not dissuade the Alabama Supreme Court from holding that the insured had an actionable claim against the agent; therefore, neither does it preclude us from reaching a similar result.
Woods, supra, at 1217. It then added: "On remand, plaintiff will be able to recover from the Agency and the Bank only ifshe carries her burden of proving that their conduct in factcaused her a loss. . . ." Emphasis added.
Jensen cites only one case in which an indemnitor was held liable for his indemnitee's attorneys' fees where the indemnitor was found innocent of wrongdoing (Heritage v.Pioneer Brokerage Sales, Inc., 604 P.2d 1059 [Alaska 1979]), and our extensive research has uncovered no others. InHeritage, Pioneer, the retailer of a mobile home, and Moduline Industries, Inc., the manufacturer, were held not liable to Heritage in an action alleging strict liability in tort. The trial court then granted Pioneer's motion for costs and attorneys' fees against Moduline. In affirming that decision, the appeals court held that an implied right of indemnity based on the relationship between the retailer and the manufacturer included the duty of the manufacturer to defend the strict liability suit. The court stated:
 In the first place, Moduline owed Pioneer a duty to defend the strict products liability suit. . . . Further, Moduline could have avoided assessment of attorney's fees by taking over defense of the Heritages' claim when it was tendered by Pioneer, but it declined to do so. If the right *Page 1235 
to costs and attorney's fees for defending the law suit is made contingent on losing on the merits of that action, in every case the indemnitee would be put in the difficult position of attempting to show lack of his own culpability at the same time that he is aiding the plaintiff's case by attempting to prove the liability of his indemnitor.
Heritage v. Pioneer Brokerage, 604 P.2d at 1067.
Jensen urges us to adopt the Heritage rationale in the instant case, noting that it tendered prosecution of the defense to Quality. We decline to do so. In Edwards v. Beard, cited above, this court explained:
 If the buyer is sued for possession, he may give proper notice of the pendency of the suit to his vendor, and, if a judgment is obtained against him under paramount title, without fraud or collusion, it is conclusive against the seller. Salle v. Light's Ex'rs, 4 Ala. 700, 39 Am.Dec. 317.
 The purpose of the notice is to give the vendor the opportunity to direct the course to be pursued. The seller has open to him three courses of action: (1) He may admit the superior title and direct no defense to be made, thus saving the costs of needless litigation. (2) He may undertake and conduct the defense of the suit. (3) He may say nothing, or tell the buyer to take his own course.
 An implied warranty of title to chattels does not warrant against wrongful disturbance of possession, nor against a suit for possession by one with no superior title. Hence, it often occurs that the seller adopts the hands off policy, which is the equivalent of saying to the buyer, "I sold you a good title, and you should protect it."
Edwards v. Beard, 211 Ala. at 253, 100 So. at 103-104.
Jensen argues that Code 1975, § 7-2-607 (5)(a) mandates Quality's responsibility for the costs of litigation between Jensen and the Government. We disagree. That section states:
 (5) Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over:
 (a) He may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound.
Code 1975, § 7-2-607 (5)(a). We read this to mean, as applied to the case before us, only that the litigants may not relitigate any issue of fact already decided in the action before the ASBCA. The only issue before that board was whether the doors furnished under the contracts complied with Government specifications. The ASBCA determined that they did, and to that determination Quality is bound under § 7-2-607
(5)(a).
Jensen places great emphasis on two other cases as supportive of his position — Pender v. Skillcraft Industries, Inc.,358 So.2d 45 (Fla.Dist.Ct.App. 1978), and Conrad v. Suhr,274 N.W.2d 571 (N.D. 1979) — pointing out that in both instances the appeals courts held that the indemnitee did not have to fail in his case in chief in order to be entitled to attorneys' fees. These cases are readily distinguishable from the case before us. Both of the cited cases involve situations in which a customer sued both a retailer and a manufacturer. In the case before us, Quality was not a party to the original suit. In the cited cases, the retailer was exonerated in the principal litigation, while the manufacturer was held liable. In the case before us, Jensen's success with his claim before the ASBCA necessarily absolved Quality of any liability under his contract. As we observed earlier in this opinion, Alabama law requires not that the indemnitee be liable to a third party, but that the litigation arose because of some breach of theindemnitor's duty under his contract. See HighlandUnderwriters, supra; Wood v. Old Security Life, supra.
Additionally, in the case of Pender, the court found that the retailer's position in the case was wholly passive. In that case *Page 1236 
the court ordered the manufacturer to pay the retailer's cost of litigation. However, in Conrad, although the manufacturer was found to have breached a duty, he was not ordered to pay his retailer's costs of litigation. The reasoning of the appeals court was that the retailer, while involved in a suit alleging his manufacturer's negligence, was actually defending against allegations of his own negligence. The court said: "[W]e believe that because the defense was conducted for his own benefit, Suhr did not fit within the exception set forth inDavis, i.e. attorney fees are allowed if the defense is essentially being conducted for another's benefit." Conrad v.Suhr, 274 N.W.2d at 578. The court then added:
 We believe that the trial court's disallowance of attorneys' fees in the instant case is supportable even if it should be contended that Suhr did not defend exclusively against allegations of his own negligence. We believe it is sufficient if he defended against any allegations of his own negligence, of his own warranty, or of his own strict liability.
Conrad v. Suhr, at 578. We emphasize that in Conrad the manufacturer was found to be negligent.
Although Jensen insists in brief that its litigation with the Government was solely in the defense of Quality's doors, it is clear that Jensen had a separate, independent interest in the litigation. First, Jensen was charged by the Government with breach of its own express warranty that it would use materials in compliance with Government specifications. Secondly, Jensen's being in the sole business of contracting with the Government made it highly preferable for Jensen to replace the doors under protest, then pursue equitable adjustment from the Government, rather than to refuse to replace them and wait for the Government to sue for breach of warranty — a course of action which Jensen implies would have resulted in no more Government contracts. For these reasons we cannot agree that Jensen is a mere passive middleman caught up in a suit that rightfully should have been between Quality and the Government.
As stated earlier, the general rule in Alabama is that, absent a contractual or statutory duty, and except for recognized exceptions, attorneys' fees are not recoverable. Having found no duty in the case before us, and finding that it falls within no exceptions, we hold that the general rule applies.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.