HOLMES, Judge.
This is a case for the recovery of attorney’s fees.
Harley-Davidson of Mobile, Inc., and Universal Underwriters Insurance Company (hereafter Universal) appeal the dismissal of their complaint against Goodyear Tire and Rubber Company and Harley-Davidson Motor Company (Goodyear) for the recovery of attorney’s fees expended in defending a product liability case.
In prior litigation Universal Underwriters defended Harley-Davidson of Mobile in a product liability case concerning a motorcycle sold by the retailer, Harley-Davidson of Mobile. Goodyear and the Harley-Davidson Company were also sued as manufacturers of the motorcycle. Universal informed Goodyear of the suit and requested that the manufacturers defend. They declined to do so.
Universal was successful in obtaining summary judgment against the buyer and thereafter Goodyear settled with the buyer.
*1309 Universal then brought suit against Goodyear seeking to recover attorney’s fees incurred in defending the case. At the trial court level Universal in its complaint alleged that the manufacturer (Goodyear) had a duty implied by law to defend the retailer, and having failed to do so, the manufacturer is liable for attorney’s fees expended in defense. Goodyear moved to have the case dismissed for failure to state a claim (Rule 12(b)(6), A.R.Civ.P.) and the trial court granted the motion. Universal appeals.
The dispositive issue on appeal is whether Universal’s complaint stated a cause of action that would entitle recovery of attorney’s fees in defending the aforesaid action.
Travelers Indemnity Co. v. Firestone Tire & Rubber Co., 360 P.Supp. 1328 (S.D.Ala.1973), is a case that is, in effect, identical with the case at bar. While this court recognizes that we are not bound by the decision in Travelers, we feel that it adequately expresses the law of Alabama.
As in the present case, the issue in Travelers was whether the insurer of a seller can recover the costs of defending the seller from the manufacturer where there has been no determination of ultimate liability to the injured party and no determination of primary liability as between the manufacturer and the seller.
Travelers states that there are three prerequisites to a right of recovery in eases such as the present case. They are: (1) the indemnitee (retailer) must be without fault; (2) the indemnitor (manufacturer) must be the party responsible or primarily liable; and (3) the indemnitee has been required to pay out money by a judgment of a court.
In the instant case two of the three prerequisites are absent. As indicated above, Goodyear, the manufacturer, settled the case without a judicial determination of ultimate liability.
More importantly, Universal does not base its position on Goodyear’s liability, but rather on Goodyear’s implied duty to defend the seller in product liability cases. Accordingly, there is no allegation of Goodyear’s primary liability in Universal’s complaint.
The recent case of George E. Jensen Contractor, Inc. v. Quality Mill Works, Inc., 431 So.2d 1232 (Ala.1983), also takes the same approach as Travelers.
In Jensen, our supreme court held that the right to indemnity, including attorney’s fees, requires a breach of duty on the part of the indemnitor. It is emphasized that Alabama law requires not that the indemni-tee be liable to a third party, but that the litigation arose because of some breach of the indemnitor’s duty. In Jensen, the supreme court plainly rejects the contention that the indemnitor’s refusal to defend constitutes such a breach.
In view of Jensen and the law expressed in Travelers, Universal’s failure to allege an actionable breach of duty on Goodyear’s part made the trial court’s action appropriate. Hence, no error.
Counsel for both parties have favored this court with excellent briefs for which we are grateful.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.